Chief Judge Marsha J. Pechman

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CARL ROMERO, <br><br> Defendant. | NO. CR12-388-MJP <br><br> ORDER CONTINUING TRIAL DATE AND GOVERNING SPEEDY TRIAL ACT COMPUTATION |

## I.   INTRODUCTION

Comes now the United States of America, by Annette L. Hayes, Acting United States Attorney for the Western District of Washington, and Erin H. Becker, Assistant United States Attorney, and Stephen Hobbs, Special Assistant United States Attorney for said District, and submits this proposed Order Continuing Trial Date and Governing Speedy Trial Act Computation in the above-captioned matter.

## II.   FINDINGS OF FACT

1.   On December 17, 2012, defendant Carl Romero was arrested by federal agents in connection with the above-captioned matter.  Dkt. 1.

*United States v. Carl Romero*, CR12-388-MJP
Order Continuing Trial Date and
Governing Speedy Trial Act Computation - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. That same day, the defendant made an initial appearance on a complaint charging one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922, before Magistrate Judge Dean Brett. Dkt. 3.

3. On December 27, 2012, the defendant was arraigned on an indictment based upon the same offense conduct as charged in the complaint. Dkt. 14. The defendant entered a plea of not guilty. *Id.* Presiding over the arraignment, Magistrate Judge Mary Alice Theiler set the case for trial on February 25, 2013, 60 days later. *Id.*

4. On February 6, 2013, the Court granted a stipulated motion by the parties to continue the trial date to May 13, 2013. Dkt. 24. Based upon the stipulated submission by the parties, the Court found that a failure to grant would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv). *Id.* The Court further found that found that the ends of justice would be served by ordering a continuance in this case; that a continuance was necessary to ensure adequate time for defense investigation, effective trial preparation and an opportunity for the defendant to benefit from his efforts; and that these factors outweigh the best interests of the public in a more speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A). *Id.* For these reasons, the Court excluded the period from February 25, 2013, through May 13, 2013, from a computation pursuant to the Speedy Trial Act, 18. U.S.C. § 3161 *et seq. Id.*

5. On April 1, 2013, the Court granted simultaneous motions by Mr. Stansell to withdraw from representation and by the defendant to proceed *pro se*. Dkt. 30.

6. On May 13, 2013, the Government appeared with its witnesses, and was ready for trial. That same day, the Court terminated the defendant's right to self-representation over the defendant's objection. Dkt. 54. The Court found that since April 1, 2013, the defendant's courtroom behavior reflected either an unwillingness or inability to follow the Court's directives, justifying the appointment of counsel notwithstanding the defendant's wishes. Dkt. 65. Accordingly, the Court did not commence trial, and adjourned the matter to May 24, 2013, in order to have new counsel appointed. Dkt. 54.

*United States v. Carl Romero*, CR12-388-MJP
Order Continuing Trial Date and
Governing Speedy Trial Act Computation - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The appointment of counsel required the Court to find two individual attorneys; one to accompany the defendant at all times, even if the defendant were removed from the courtroom, and the other to remain in the courtroom to conduct the business of trial at all times during the proceeding. *Id.* In addition, Mr. Stansell could not be re-appointed as counsel, in light of Mr. Stansell's prior withdrawal. *See* Dkt. 30. The Court excluded the period from May 13, 2013 to the next court date from a speedy trial computation. Dkt. 58 (Tr., p. 23, lns. 21-24).

7. On May 16, 2013, the Court set a status hearing for May 24, 2013. Dkt. 57.

8. On May 16, 2013, the Court appointed Gilbert Henry Levy, Esq., and Richard L. Warner, Esq., as counsel for the defendant. Dkts. 55-56.

9. On May 24, 2013, defense counsel moved for a continuance of the trial date in order to conduct an investigation into the defendant's competency to stand trial, and to allow adequate time to prepare for trial. Dkt. 60. The Court granted this request, and continued the case until September 30, 2013. *Id.*

10. On August 26, 2013, defense counsel moved for a continuance of the trial date beyond September 30, 2013 in order to complete an investigation into the defendant's competence to stand trial. Dkt. 70. Counsel indicated that the neuropsychologist hired by the defense, Dr. David Dixon, had made a preliminary diagnosis of mental illness supporting a finding of incompetence, but required additional time beyond September 30, 2013, to complete testing and submit a report of findings to the Court. Dkt. 71.

11. On September 16, 2013, the Court provisionally denied Romero's motion and ordered counsel to determine a time in which they would be able to address competency. The trial date remained September 30, 2013. Dk. 77.

12. On September 26, 2013, after receiving and reviewing declarations from Dr. David Dixon (Dkt. 81), the Court continued the trial date and set a competency hearing for November 20, 2013. Dkt. 83. The hearing was subsequently continued one day until November 21, 2013. Dkt. 105.

*United States v. Carl Romero*, CR12-388-MJP
Order Continuing Trial Date and
Governing Speedy Trial Act Computation - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. On November 12, 2013, counsel for Romero filed a motion for Redetermination of Competence. Dkt. 94.

14. On November 21, 2013, a competency hearing was held. The Court heard from Romero's former public defender, Jay Stansell, Dr. Michael Dixon, and Dr. Cynthia Low. The Court continued the hearing for additional arguments for one day until November 22, 2013. Dkt. 105.

15. On November 22, 2013, the Court abstained from ruling on competency pending an independent evaluation of Romero's competency. Dkt. 106.

16. On December 6, 2013, the Court Dr. Alan Breen to conduct an independent competency evaluation. Dkt. 112.

17. On January 29, 2014, the Court granted Dr. Breen an extension of time until February 7, 2014, to file his written evaluation. Dkt. 119.

18. The Court set a briefing schedule and established a competency hearing date of March 6, 2014. Dkt. 122 & 123.

19. On March 6 and 13, 2014, a competency hearing was held. The Court found Romero not competent and ordered him committed to the custody of the Attorney General for a period not to exceed 4 months. Dkt. 128 & 130. The order to this effect was entered on March 19, 2014. Dkt. 131.

20. On July 22, 2014, the Court granted the Attorney General an extension of the evaluation period. Dkt. 137.

21. On November 12, 2014, the Court received the Competency evaluation prepared by Dr. Lea Ann Preston Baecht of the Bureau of Prisons. Dkt. 141.

22. A competency hearing was held on November 18, 2014. Dkt. 139 & 140. At this hearing, defense counsel requested additional time to have Dr. Breen review and evaluate the report prepared by Dr. Preston Baecht. Dkt. 142.

23. On November 25, 2014, the Court received the Addendum Evaluation of Dr. Breen. Dkt. 143.

*United States v. Carl Romero*, CR12-388-MJP
Order Continuing Trial Date and
Governing Speedy Trial Act Computation - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

24. From May 13, 2013, to the present, defendant Romero has independently and repeatedly asserted his right to a speedy trial.

25. I find that in light of the defendant's incompetence to represent himself as referenced above, as well as the defendant's mental health history, this case has presented unusual and complex factual issues, and accordingly, the determination of the defendant's competence to stand trial involved a complex and time-consuming investigation.

26. I find that counsel for the defense has demonstrated diligence in identifying suitable dates for a competency hearing and for trial, taking into account prior trial commitments to counsel's other clients.

### III. CONCLUSIONS OF LAW

Based upon these facts, and the record as a whole, the Court finds:

27. The Speedy Trial Act requires that the trial of a defendant charged in an information or indictment with the commission of an offense "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

28. The period from the defendant's arrest, December 17, 2012, and the defendant's arraignment on the indictment, December 27, 2012, is governed by 18 U.S.C. § 3161(b), and does not implicate a post-indictment Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(c).

29. The defendant's arraignment on December 27, 2012, triggered the commencement of the seventy-day period. 18 U.S.C. § 3161(c)(1).

30. The period between the arraignment and the first trial date, February 25, 2013, is sixty days. The date of the arraignment itself does not count towards this total. *See, e.g., United States v. Alvarez-Perez*, 629 F.3d 1053, 1057 (9th Cir. 2010).

*United States v. Carl Romero*, CR12-388-MJP
Order Continuing Trial Date and
Governing Speedy Trial Act Computation - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

31.     The period between February 25, 2013 and the next trial date, May 13, 2013, is excludable from the seventy-day limitation for the reasons recited in the Court's written order, referenced above in paragraph 4.

32.     The period from May 13, 2013 to May 16, 2013, is excludable insofar as the defendant was without counsel, and the interests of justice require that the defendant be represented by an attorney.  *See* 18 U.S.C. § 3161(7)(B)(iv).

33.     The period from May 16, 2013, through September 30, 2013, is excludable in that the ends of justice are best served by a continuance, and outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). The Court makes this determination in light of some of the factors recited in 18 U.S.C. § 3161(h)(7)(B).  The defense requires adequate time both to investigate the defendant's competence to stand trial, and to prepare for trial in the event of a finding of competency. Even in an ordinary case, counsel would be given reasonable time to prepare for trial following appointment, and as such, some period of time from May 16, 2013, onwards would be excludable solely for that purpose.  18 U.S.C. § 3161(h)(7)(B)(iv).  Counsel for the defense has been diligent in arranging for neuropsychological testing for the defendant.  *Id.*  In addition, as noted above, this case presents unusual and complex factual issues.  18 U.S.C. § 3161(h)(7)(B)(ii).  A miscarriage of justice would also likely result were the Court to proceed to trial without addressing the competency questions raised by the defense.  18 U.S.C. § 3161(h)(7)(B)(i).

34.     The period from September 30, 2013, to December 6, 2013, shall be excludable for similar reasons as the immediately-preceding period referenced above: the interests of justice require consideration by the Court of the competency issues raised by the defense prior to trial.  In addition, scheduling a competency examination and trial date must take into consideration counsel's pre-existing trial commitments to other clients.

35.     Therefore, for purposes of Speedy Trial Act analysis, sixty days of delay will have elapsed from the defendant's first appearance on the indictment on December 27, 2012, through December 6, 2013.

*United States v. Carl Romero*, CR12-388-MJP
Order Continuing Trial Date and
Governing Speedy Trial Act Computation - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

36. On December 6, 2013, the Court ordered an independent competency evaluation be conducted by Dr. Alan Breen. Dkt. 112. Since that date, until the date of this order, all time has been excludable as the defendant's competency was being evaluated. 18 U.S.C. § 3161(h)(1)(A). In addition, as noted above, this case presents unusual and complex factual issues related to the defendant's competency. 18 U.S.C. § 3161(h)(7)(B)(ii). A miscarriage of justice would also likely result were the Court to proceed to trial without addressing the competency questions raised by the defense. 18 U.S.C. § 3161(h)(7)(B)(i).

## IV.  ORDER

For the foregoing reasons, it is hereby **ORDERED**, that the trial date be set for December 15, 2014.

And it is further **ORDERED**, that the period of time from May 13, 2013, through December 15, 2014, be excluded from a Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A); 18 U.S.C. § 3161(h)(7)(B)(ii); and 18 U.S.C. § 3161(h)(7)(B)(i).

Dated this 12th day of December, 2014.

*[signature]*
Marsha J. Pechman
United States District Judge

*United States v. Carl Romero*, CR12-388-MJP
Order Continuing Trial Date and
Governing Speedy Trial Act Computation - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Respectfully submitted by:

ANNETTE L. HAYES
Acting United States Attorney

*s/ Stephen P. Hobbs*
STEPHEN P. HOBBS
Special Assistant United States Attorney
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, WA 98101-3903
Telephone:    206-553-4301
Fax:                206-553-0755
E-mail:           stephen.p.hobbs@usdoj.gov

*United States v. Carl Romero*, CR12-388-MJP
Order Continuing Trial Date and
Governing Speedy Trial Act Computation - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970